UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JEFFREY S. WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-324 |
| | ) | (VARLAN/GUYTON) |
| WACKENHUT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on defendant Wackenhut Services, Inc.'s Motion to Dismiss Complaint for Failure to State a Claim [Doc. 4]. Plaintiff Jeffrey S. Ward, proceeding *pro se*, has filed no response to this motion, and the time for doing so has now passed. *See* E.D.TN. LR 7.1(a), 7.2. The motion is now ripe for this Court's consideration.

**I.    Background**

Plaintiff was employed by defendant as a Security Police Officer [Doc. 1-1]. Defendant terminated plaintiff's employment on July 21, 2008, citing plaintiff's failure to

comply with certain instructions outlined in 10 C.F.R. §§ 712 and 1046,[1] and unspecified "integrity issues" identified during an internal investigation [*Id.*].

Plaintiff filed a *pro se* complaint [*Id.*] in the Anderson County Chancery Court on June 22, 2009, styled as a "Petition to Clean and Clear Record and Award Damages." In that complaint, plaintiff alleges defendant did not "quote[] or spell[] out in any manner" the instructions with which he is said not to have complied [*Id.*]. He alleges further that defendant "has refused and still refuses to offer any legal reason in support of" its decision to terminate his employment [*Id.*]. Plaintiff avers that a "complete study of the entire record by an independent observer will show that [Wackenhut] has violated and continues to violate . . . all the legal rights of [Mr. Ward] to legal employment" [*Id.*].

Plaintiff also alleges that he "has always offered and furnished evidence supported by medical advice which refutes [Wackenhut's] statement and position," although he does not specify the "statement and position" he is refuting [*Id.*]. He nevertheless contends that defendant "still uses general terms to support that position which amounts to no defense whatsoever to [Mr. Ward's] claim" [*Id.*]. He alleges further that he applied for, and received,

---

[1] 10 C.F.R. §§ 712.1, *et seq.* "establish[] the policies and procedures for a Human Reliability Program . . . in the Department of Energy (the "DOE")," which are designed "to ensure that individuals who occupy positions affording access to certain materials, nuclear explosive devices, facilities, and programs meet the highest standards of reliability and physical and mental suitability," and which require "a system of continuous evaluation that identifies individuals whose judgment and reliability may be impaired by physical or mental/personality disorders, alcohol abuse, use of illegal drugs or the abuse of legal drugs or other substances, or any other condition or circumstance that may be of a security or safety concern." 10 C.F.R. §§ 1046.1, *et seq.* set forth the DOE's security policies and procedures relating to the physical protection of security interests.

unemployment compensation from the State of Tennessee, despite defendant's objections to that application [*Id.*].

Plaintiff alleges that he brings his case "for the sole purpose of protecting his name by getting removed from the records all of the false and unjust accusations made by" defendant against him [*Id.*]. Finally, in his prayer for relief, plaintiff alludes to damages caused by defendant to plaintiff's military record and career [*Id.*]. On the basis of these allegations, plaintiff requests that this Court direct defendant to "purge and clean [its] records of all false and wrongful statements made by [its] employees and contained in the records of this action"; award him "[a]ny and all relief from the damages caused by [Wackenhut] to [Mr. Ward's] military record and career"; order the writing of a "letter of release and discharge to correct his security clearance"; and award him $500,000 to compensate him for damages to his "livelihood and well being which ha[ve] been damaged by the wrongful acts and conduct of [Wackenhut]" [*Id.*].

Defendant removed the case to this Court on July 24, 2009 [Doc. 1]. Defendant filed a motion to dismiss [Doc. 4] and a brief in support [Doc. 5] on July 31, 2009, arguing that plaintiff has failed in his "confusing" complaint "to articulate any legal theory or factual basis upon which the Court could grant relief" [Docs. 4, 5]. Plaintiff has filed no response to this motion.

The Court has carefully considered the motion to dismiss and the underlying record in light of the applicable law. For the reasons that follow, the motion to dismiss will be granted.

3

**II.     Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). Rule 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* Nor will an "unadorned, the-defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A pleading must instead "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

As noted, plaintiff has elected to proceed *pro se* in this matter. "[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The "lenient treatment generally

4

accorded to *pro se* litigants has limits," however. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Neither this Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases). Liberal federal pleading standards do not permit litigants–even those acting *pro se*–to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding district court's dismissal of *pro se* complaint containing "vague and conclusory allegations unsupported by material facts"); *Janita Theresa Corp. v. United States Attorney*, No. 96-1706, 1997 WL 211247, at *1 (6th Cir. Apr. 28, 1997) (upholding district court's dismissal of *pro se* complaint whose allegations were "far too muddled to serve as a basis for a proper suit"). "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense. *Iqbal*, 129 S.Ct. at 1937.

**III.    Analysis**

The Court begins its analysis by attempting to characterize plaintiff's claim appropriately, as he cites no statutory or common law basis for the relief he seeks. His central claim, as defendant correctly posits, appears to be one of wrongful discharge under the Tennessee common law, based upon the core allegation that defendant "has provided an insufficient explanation of the grounds for his termination" [Doc. 5]. To the extent that plaintiff's complaint raises that common law claim, it must fail.

5

In the first place, "Tennessee has long adhered to the employment-at-will doctrine in employment relationships not established or formalized by a contract for a definite term." *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002). Plaintiff makes no claim that his employment was anything other than at-will [*see* Doc. 1-1]. Under the employment-at-will doctrine, "both the employer and the employee are generally permitted, with certain exceptions, to terminate the employment relationship 'at any time for good cause, bad cause, or no cause.'" *Crews*, 78 S.W.3d at 857 (quoting *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 574 (Tenn. 1999)). Thus, even if defendant had provided no explanation for plaintiff's termination, let alone the "insufficient" explanation that plaintiff alleges defendant did provide, that fact alone would not give rise to a cause of action under the Tennessee common law.

An employer's ability to discharge at-will employees has been "significantly tempered" in Tennessee by the judicial creation of a cause of action for retaliatory discharge, however. *See Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441, 445 (Tenn. 1984) ("[A] cause of action for retaliatory discharge, although not explicitly created by the statute, is necessary to enforce the duty of the employer, to secure the rights of the employee and to carry out the intention of the legislature."). The action for retaliatory discharge "recognizes 'that, in limited circumstances, certain well-defined, unambiguous principles of public policy confer upon employees implicit rights which must not be circumscribed or chilled by the potential of termination.'" *Crews*, 78 S.W.3d at 857 (quoting *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716-17 (Tenn. 1997)). To bring a prima facie case of retaliatory discharge in

Tennessee, a plaintiff must show that (1) an employment-at-will relationship existed; that (2) the employee was discharged; that (3) the reason for the discharge was that the employee attempted to exercise a statutory or constitutional right, or for any other reason that violates a clear public policy evinced by an unambiguous constitutional, statutory, or regulatory provision; and that (4) a substantial factor in the employer's decision to discharge the employee was the employee's exercise of protected rights, or his compliance with a clear public policy. *Crews*, 78 S.W.3d at 862.

Assuming that plaintiff brings his claim under this limited exception to the termination of at-will employees, he has failed to provide "either direct or inferential allegations respecting all the material elements [of this claim] to sustain a recovery." *Scheid*, 859 F.2d at 436-37. Defendant concedes for the purposes of its motion to dismiss that plaintiff can satisfy the first and second elements of a retaliatory discharge claim [Doc. 5]. But it argues that plaintiff cannot satisfy the third and fourth elements of the claim, because he has identified "no statutory or constitutional right that he sought to exercise (and suffered termination for) while employed" by defendant, and because he has identified no "other reason for his termination that violates a clear public policy" [*Id.*].

Even providing plaintiff with the latitude accorded to *pro se* plaintiffs, this Court is unable to identify any allegation in plaintiff's complaint that he was discharged either because he attempted to exercise a statutory or constitutional right, or for any other reason that violates a clear public policy; or that a substantial factor in defendant's decision to discharge plaintiff was either the exercise of such a right, or his compliance with a clear

7

public policy. For that reason, this Court finds that plaintiff has failed to state a claim upon which relief can be granted.

The Court takes note of two additional issues raised in plaintiff's complaint, neither of which is sufficient to give rise to a legal cause of action. First, plaintiff requests that the Court order defendant to "purge and clean" its records in the manner plaintiff describes. This Court is unaware of any authority, particularly where no claim of wrongful or retaliatory discharge lies, under which it might direct defendant to "purge and clean [its] records of all false and wrongful statements made by [its] employees and contained in the records of this action" [Doc. 1-1]. To the contrary, federal law requires employers to "make, keep, and preserve . . . records of the persons employed by" them, and to "preserve such records for such periods of time" as prescribed by the applicable regulations. 29 U.S.C. § 211(c).

Second, and similarly, defendant cannot be held responsible for collateral security clearance issues arising from the termination of plaintiff's employment. That is again particularly true given that plaintiff has failed to state a claim for wrongful or retaliatory discharge. Indeed, it is likely that this Court lacks jurisdiction to even review such issues. *See Tenenbaum v. Caldera*, 45 F. App'x 416, 417-18 (6th Cir. 2002) (citing *Dep't of the Navy v. Egan*, 484 U.S. 518, 529 (1988)) ("The merits of an executive branch decision to deny security clearance generally are not reviewable.").

Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, defendant's motion to dismiss will be granted.

## IV. Conclusion

For the reasons above, defendant's Motion to Dismiss Complaint for Failure to State a Claim [Doc. 4] is hereby **GRANTED**. This case is **DISMISSED**. The Clerk is **DIRECTED** to close this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
